UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| )                               | |
| Plaintiff,                  )   | |
| )                               | Case No. 4:16CR00157 AGF/DDN |
| v.                           ) | |
| )                               | |
| SHAUN R. HAYES and           ) | |
| MICHAEL H. LITZ,             ) | |
| )                               | |
| Defendants.                ) | |

### DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR PREJUDICIAL PREINDICTMENT DELAY

COMES NOW Defendant, Michael H. Litz, by and through his counsel, Arthur S. Margulis and William S. Margulis, and Capes, Sokol, Goodman & Sarachan, P.C., and files this Motion to Dismiss the Indictment for Prejudicial Pre-Indictment Delay.  In support of his Motion, Defendant asserts:

1. That the Government initiated its investigation into the actions of Defendant on May 6, 2011.  The alleged offenses occurred between June 2009 and October 2012.

2. That in March, 2015, Defendant's company moved offices from 225 Meramec Avenue, Clayton, Missouri 63105 to 222 Meramec Avenue, Clayton, Missouri 63105, which contained a smaller office space.  As part of the move, the company underwent a document purge throughout the last quarter of 2014 and first quarter of 2015.  Included in the documents purged were documents related to Excel Bank, such as management records and payment records concerning transactions at issue in the charges set forth in the Superseding Indictment discussed below.

1

3. That on April 13, 2016, the Defendant was charged in Counts One and Two of a three count indictment.  Count One charges bank fraud in violation of Title 18 U.S.C. §§1344 and 2.  Count Two charges a violation of Title 18 U.S.C. §§656 and 2.

4. That on January 31, 2017, a Superseding Indictment was returned and Defendant was arraigned on the Superseding Indictment on February 8, 2017.

5. That a period of almost five years and nine months spanned between the initiation of the investigation and the Superseding Indictment.

6. That approximately four-and-a-half years after the investigation began, Defendant's company engaged in a routine document purge related to an office move, which disposed of records now necessary for Defendant to present a complete defense in the above-captioned case.  Specifically, records pertaining to Excel Bank and related to management and payment transactions were purged.  To the best of Defendant's knowledge and belief, such information is not available through any other means.

7. At the time Defendant's company purged the documents, Defendant did not know that the documents might later become necessary to defend against the charges asserted in the Superseding Indictment.

8. That this unconstitutional pre-indictment delay violates Defendant's Fifth Amendment due process rights in that it has caused actual and substantial prejudice to Defendant.  *See, e.g., Bennett v. Lockhart*, 39 F.3d 848, 851 (8th Cir. 1994).

WHEREFORE, the Defendant prays that this Honorable Court grant his Motion to Dismiss for Prejudicial Pre-Indictment Delay or, in the alternative, order an evidentiary hearing to be conducted for purposes of considering this Motion to Dismiss for Prejudicial Pre-Indictment Delay, and for such further Orders as the Court deems just an proper in the matter.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ William S. Margulis*
Arthur S. Margulis, #16906 MO
William S. Margulis, #37625MO
7701 Forsyth Boulevard, 12th Floor
St. Louis, Missouri  63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
amargulis@capessokol.com
wmargulis@capessokol.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2017, I filed this pleading electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and all other counsel in this case.

*/s/ William S. Margulis*